JUSTICE NELSON
concurs.
¶45 I concur in the Court’s Opinion and the Court’s reversal on the issues involving the challenges for cause and defense counsel’s closing arguments.
¶46 I would also reverse and remand for a new trial, however, on the matter of the trial court’s denial of Cooper’s motion in limine. The District Court erred in its determination that Cooper’s motion was “vague and overbroad.” It was not; the motion was specific in requesting the court to exclude certain categories of clearly inadmissible evidence. Granting it should have been a no-brainer. Indeed, the motion turned out to be prescient as to at least two categories of the specified evidence.
¶47 Cooper properly requested the court to prohibit references to Hanson’s professional reputation or standing; that Hanson needed special protection; or that there could be unspecified effects or consequences of the malpractice claims, this trial, or a malpractice verdict against Hanson-Numbers 4 and 5 in Cooper’s motion. Opinion, ¶ 4. As the Court’s Opinion states, that sort of evidence and argument is improper in a professional negligence case; it is irrelevant to the question of whether the professional person breached the applicable standard of care and, in so doing, caused the plaintiff damages. It does nothing but appeal to the passions, sympathies and biases of the jurors. Opinion, ¶¶ 37, 39, 40. Any professional person can make a mistake, and this State’s tort system is designed to compensate the injured party for the professional’s negligence-regardless of what sort of “mark” or effect that may have on his or her reputation, standing, practice or personal finances.
¶48 Even defense counsel recognized the impropriety of these types of comments and arguments-he feigned offense at even the suggestion that he would violate the Rules of Evidence and he assured the court and counsel that he would not engage in the very sort of improper comment and argument that he, eventually, did. Opinion, ¶¶ 5, 32. ¶49 Therefore, independently of any other error committed by the trial court in this cause, I would hold that the trial court erred in denying Cooper’s motion in limine, and I would reverse and remand for a new trial on that error.
*326 ¶50 Finally, while I concur with the Court’s Opinion generally in its resolution of the challenges for cause issue, I do not necessarily extend my agreement to the manner in which Cooper’s challenges for cause were made in this case. However, since we do not actually interpret the language of M. R. Civ. P. 47(b), I am satisfied to leave the proper construction of this Rule for another day.
¶51 I concur.